NELSON v. ALLEN PAPER CAR-WHEEL CO.

(*Circuit Court, N. D. Illinois.* December 10. 1886.)

MASTER AND SERVANT—INJURY TO SERVANT.

Plaintiff was employed in hauling heavy packages of paper from defendant's warehouse to his factory, and it appeared that, at the warehouse door, through which the truck-loads of paper passed, there was a stone sill about an inch and a half higher than the floor, and, in order to make an easy rise over the sill, a plank beveled off at one end was laid so as to surmount the sill; but the plank had become so worn as to leave a jolt of half inch abrupt rise, over which the wheels of the truck had to pass. Plaintiff, being engaged in drawing the truck over it, struck the sill. He fell, and several bundles of the paper, weighing 50 pounds each, fell on and injured him. *Held*, in an action against his employer, if the crossing from the floor to the sill had been used in the same condition that it was in at the time plaintiff was hurt, without accident, and nothing had occurred to indicate danger to men continuing to use it with due care, then the jury should say there was no negligence in leaving such a slight obstruction to the truck-wheels unremedied. To charge the defendant, the danger should appear to be such as to suggest itself to a man of ordinary prudence.

At Law.

*Dent & Black*, for plaintiff.

*Flower, Remy & Gregory*, for defendant.

This was an action to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant, by reason of the alleged negligence of the defendant. It appeared from the proof that the defendant was engaged in the manufacture of car-wheels, in which paper was used as one of the materials of such wheels. The paper was stored in a warehouse about 60 feet from the shop where the paper was worked up, and between the warehouse and the shop was a plank platform, across which the paper was carried upon a four-wheel truck, with a frame or a platform about five and a half feet long and three feet wide, extending over the wheels. This paper came in blocks or bundles, weighing about 50 pounds each, and about 25 bundles of paper were piled upon the truck as a load. At the shop-door, through which these truck-loads of paper passed, there was a stone sill, which was about an inch an a half higher than the plank platform, and, in order to make an easy rise from the platform over the sill, a beveled plank was laid down, one edge of which was chamfered off so as to make an inclined plane to surmount the sill, and this plank had become so worn or abraded where it came against the sill as to leave a jog or jolt of not

more than a half inch abrupt rise, over which the wheels had to pass. The plaintiff had been at work for the defendant about a week prior to the accident complained of, and, on the forenoon of the day on which he was injured, he, with two other men, had been engaged in carting paper from the warehouse into the shop. The usual mode of operating the truck was to load it with 25 or 30 bundles of paper, when one of the men took hold of the tongue, and steered the truck and pulled, and the other two pushed, so as to give it the necessary motion to run it into the shop. After dinner, the plaintiff went at some other kind of work, and three other men were set to moving the paper into the shop. For some reason, one of these men was called away from this work, and the plaintiff was directed to resume his place in operating the truck. At the time he was so called the truck had been run partly across the platform, and, from some cause, part of the load had fallen off. These bundles were replaced, and the plaintiff took hold of the tongue, a part of the work he had never before done, and the other two men pushed. As the truck mounted the beveled plank, it struck against the stone sill where the plank was partly worn away, and, either because the plaintiff stumbled, or did not strike the sill squarely with both wheels at the same time, he fell down; and, the motion of the truck being stopped, some of the bundles of paper fell off the truck, striking the plaintiff, and producing the injuries complained of.

BLODGETT, J., (*charging jury.*) An employer is bound to furnish his employe with safe and proper means and appliances for doing the work which such employe is set about, but he does not become a guarantor of the safety of his men. When he has made reasonable provision for their safety, such as an ordinarily prudent man would make for his own safety if he were doing the work himself, he has, as a rule, performed his duty to his employe or servant. He is not bound to anticipate and provide against accidents to his men which are not apparent, and do not become apparent until after the accident has happened. What I mean is that the condition of the implements or the premises must be such as to suggest to an ordinarily careful man that there is danger before an employer can be charged with negligence in not providing against it. If this crossing from the platform to the sill had been used in substantially the same condition that it was at the time the plaintiff was hurt without accident, and nothing had occurred to indicate that there was any peril to men in continuing, with due care, so to use it, then you can properly say that there was no negligence on the part of the defendant in leaving this slight obstruction to the truck-wheels. The danger must be such as to suggest itself to a man of ordinary prudence and care for himself and others, so that when the attempt is made to run a truck, loaded as this was, over such a route, such a man would say, "This is dangerous," before the defendants should be charged with negligence. If you find from the proof that it unnecessarily endangered the men engaged in moving these truck-loads of paper to require or allow the truck to pass over this jolt at the shop door-sill, and that an ordinarily prudent and

careful man would have foreseen such danger, then you can properly find the defendant guilty of the negligence charged; while, on the contrary, if you find that the accident to the plaintiff was not such a one as a man of ordinary prudence would have foreseen and guarded against, then you can properly say that the defendent is not guilty of the negligence charged.